IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DTD INVESTMENTS, LLC, | ) | CASE NO. 14 B 6772 |
| | ) | |
| DEBTOR. | ) | HONORABLE JUDGE CASSLING |

**NOTICE OF MOTION**

TO: SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on the 26th day of September, 2017 at 9:30 A.M. or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Cassling in Courtroom 619 at the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the attached DEBTOR'S FINAL REPORT AND MOTION FOR ENTRY OF A FINAL DECREE, at which time you may appear if you so desire.

**DTD INVESTMENTS, LLC**, Debtor

BY  /S/ CHRIS D. ROUSKEY
**CHRIS D. ROUSKEY**, Its Attorney


STATE OF ILLINOIS  )
                   ) SS.    **CERTIFICATE OF SERVICE**
COUNTY OF WILL)

The Undersigned, an Attorney, certifies that he served a copy of the foregoing pleadings upon the above-named parties by ECF transmission and by causing the same to be mailed via First Class U.S. Mail, postage prepaid, at Joliet, Illinois on the 28th day of April, 2016.

                                            /S/ CHRIS D. ROUSKEY
                                            **CHRIS D. ROUSKEY**


CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
2121 ONEIDA STREET, SUITE 401
JOLIET, ILLINOIS 60435
PHONE: 815-741-2118
FAX: 815-741-0670
E-MAIL: ROUSKEYLAW@GMAIL.COM
IL REGISTRATION NO. 03123595

## SERVICE LIST

Ms. Gretchen Silver
UNITED STATES TRUSTEE
219 S. Dearborn Street, #873
Chicago, IL 60604

HEARTLAND BANK
C/O Attorney Michael O'Brien
124A S. County Farm Road
Wheaton, IL 60187

JAMES MISSIG
C/O Attorney John P. Ivec
24820 Caton Farm Road
Plainfield, IL 60586

MITCHELL DRIVE, LLC
C/O Attorney Michael O'Brien
124A S. County Farm Road
Wheaton, IL 60187

FIRST MIDWEST BANK
C/O Attorney Kristopher Capadona
360 W. Butterfield Road, #300
Elmhurst, IL 60126

DiMONTE & LIZAK, LLC
C/O Attorney Abraham Brustein
216 W. Higgins Road
Park Ridge, IL 60068

EQUIMAX PARTNERS, LLC
C/O Attorney Michael D. Weis
221 N. LaSalle Street, #3700
Chicago, IL 60601

DONALD TOMICH, SR.
1733 Root Street
Crest Hill, IL 60403

MICHAEL THORNTON
2000 N. Ashley Road
Morris, IL 60450

HERBE LANDE
23810 County Farm Road
Joliet, IL 60436

ROBERT WAGNER
C/O Attorney Michael O'Brien
124A S. County Farm Road
Wheaton, IL 60187

GREGORY HILL
C/O Attorney Michael D. Weis
221 N. LaSalle St., #3700
Chicago, IL 60601

INTERNAL REVENUE SERVICE
Post Office Box 7346
Philadelphia, PA 19101

TERRY D'ARCY
2022 Essington Road
Joliet, IL 60431

WILL COUNTY TREASURER
302 N. Chicago Street
Joliet, IL 60432

BYDSOM, INC.
C/O Will County Clerk
302 N. Chicago Street
Joliet, IL 60432

MS INVESTMENT GROUP, INC.
C/O Will County Clerk
302 N. Chicago Street
Joliet, IL 60432

JOSEPH SERENA
304 Amendodge Drive
Shorewood, IL 60404

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DTD INVESTMENTS, LLC, | ) | CASE NO. 14 B 6772 |
| | ) | |
| DEBTOR. | ) | HONORABLE JUDGE CASSLING |

### DEBTOR'S FINAL REPORT AND MOTION FOR ENTRY OF A FINAL DECREE

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES THE DEBTOR, DTD INVESTMENTS, LLC, hereinafter referred to as "DTD", by and through its Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and in support of its Motion for Entry of a Final Decree states to this Honorable Court as follows:

### JURISDICTION AND VENUE

1. That this Honorable Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157 and 1334. That this matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2). That venue for this Motion is proper pursuant to 28 U.S.C. 1408 and 1409.

2. That the statutory predicates for the relief requested herein are Section 350(a) of the United States Bankruptcy Code ("Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3022.

### BACKGROUND

3. That on February 27, 2014 ("Petition Date"), the Debtor, DTD, filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. That no Trustee, examiner, or Creditor's Committee was appointed in this case.

4. That on August 22, 2015, the Debtor, DTD, filed its Fourth Amended Plan of Reorganization ("Fourth Amended Plan"); that on October 20, 2016, this Honorable Court entered an

Order confirming the Debtor's Fourth Amended Plan; and that the Effective Date of Confirmation was October 20, 2016.

## DISTRIBUTIONS

5.  That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 1 Claims consists of the Priority Claim of the Internal Revenue Service. Said Claim has been paid in full.

6.  That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 2 Claims consists of the Secured Priority Claim of the Will County Treasurer for unpaid real estate taxes for the taxable years 2013, 2014, and 2015. Said real estate taxes have been paid as follows:

A.  2013 and 2014 real estate taxes have been paid from funds held in escrow by Heartland Bank in the amount of $131,438.74 and payments made by Dean A. Tomich totaling $26,347.58, for a total payment of $157,786.32.

B.  2015 real estate taxes have been paid from the Debtor's escrow account with Heartland Bank, which escrow account the Bank has maintained was $34,802.86 short. The Debtor tendered said amount to the Bank on August 28, 2017, but the Bank declined said payment having recorded its escrowed Warranty Deed for the subject property and alleging that the Debtor's tendered funds had been offered after expiration of a Cure Period dated August 9, 2017. The Debtor maintains that the August 9, 2017 Cure Period had been extended to August 29, 2017 by the Bank with its August 8, 2017, and that as a result of said extension it tendered the tax shortfall to the Bank prior to its stated Cure Period date. The Debtor has filed a State Court action in Will County, Illinois seeking return of the subject real estate.

7.  That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 3 Claims consists of the Allowed Secured Claim of Heartland Bank and Trust Company. The Debtor has continued to make the required monthly installment payments to Heartland Bank as to its outstanding loan

obligation, including an escrow payment for real estate taxes. Said monthly installment payments were often late due to delayed rent payments by certain tenants, but prior to recording the escrowed Warranty Deed the Debtor had made all payments required within a noticed Cure Period.

8. That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 4 Claims consists of the Allowed Secured Claim of Standard Bank and Trust Company. The Debtor has continued making monthly installment payments to First Midwest Bank as Successor in Interest to Standard Bank and Trust Company. The Debtor fell behind by approximately 30 days due to the failure of the State of Illinois supported tenants to pay their rent on a timely basis. First Midwest Bank has filed a State Court action in Will County, Illinois to foreclose its mortgage, which is currently $26,822.76 in arrears, plus the payment due on September 25, 2017 in the amount of $22,661.38. Said arrearage will be cured and the mortgage re-instated by September 30, 2017. The Debtor is currently holding funds in the amount of $26,291.38 towards the payment of said arrearage.

9. That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 5 Claims consists of the Allowed Secured Claim of Mitchell Drive, LLC. The Debtor has remained current in all of its $844.56 monthly payments due Mitchell Drive, LLC, as well as its initial $100,000.00 payment due seven days of the filing of its Ballot.

10. That pursuant to the Debtor, DTD'S, Fourth Amended Plan, Class 6 Claims consists of Allowed Unsecured General Claims. The Debtor was required to pay a semi-annual installment payment in the amount of $15,000.00 on April 20, 2017 and on October 20, 2017 to be divided between the general unsecured Claimants on a pro rata basis. The Debtor made the first installment late, on September 8, 2017, again attributable to the late payment of rents by

several tenants. The Debtor will be able to make the second installment on October 20, 2017 as required.

### SUMMARY

11. As of the date hereof, the Debtor, DTD, is current in all payments required pursuant to the terms of its Fourth Amended Plan except as follows:

A. The tax shortfall payment which Heartland Bank has refused after its recording of the escrowed Warranty Deed. The Debtor has filed its State Court action seeking return of the property.

B. The Debtor is in arrears in the amount of $26 511.00 for payments due First Midwest Bank. Said Bank has filed a State Court action seeking to foreclose its mortgage. The Debtor will re-instate said mortgage by bringing all payments current by September 25, 2017.

### THE COURT SHOULD ENTER A FINAL DECREE CLOSING THE DEBTOR'S CASE

12. That Section 350(a) of the Bankruptcy Code provides in relevant part that "after an estate is fully administered and the Court has discharged the Trustee, the Court shall close the case". The following is a list of non-exclusive factors or events that Courts often consider when determining whether to close a Chapter 11 case:

  A. Whether deposits required by the Plan have been distributed.

  B. Whether all property proposed by the Plan to be transferred has been transferred.

  C. Whether the Debtor or the Successor of the Debtor under the Plan has assumed the business or management of the property dealt with by the Plan.

  D. Whether payments under the Plan have commenced.

  E. Whether the Order confirming the Plan has become final.

    F. Whether all Motions, contested matters, and adversary proceedings have been finally resolved.

13. That as of the date of the filing of this Motion, all deposits required by the Debtor, DTD'S, Fourth Amended Plan have been distributed; all payments under the Fourth Amended Plan have commenced; the Order confirming the Fourth Amended Plan has become final; and there are no Motions, other than this Motion, contested matters, and/or adversary proceedings presently pending before this Honorable Court.

14. That it is unnecessary to burden this Honorable Court's docket or to require the Debtor, DTD, to pay additional administration fees until October 20, 2021, the date when all payments required to be paid pursuant to the Debtor's Fourth Amended Plan have been paid in full. Therefore, it is appropriate for this Honorable Court to enter a Final Decree closing this case.

WHEREFORE, the Debtor, DTD INVESTMENTS, LLC, respectfully requests that this Honorable Court enter an Order:

    A. Entering a Final Decree closing this Chapter 11 case.

    B. Granting such other relief as is necessary and proper.

Respectfully Submitted,

**DTD INVESTMENTS, LLC**, Debtor

BY: /S/ CHRIS D. ROUSKEY
**CHRIS D. ROUSKEY**, Its Attorney

CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
2121 ONEIDA STREET, SUITE 401
JOLIET, ILLINOIS 60435
PHONE: 815-741-2118
FAX: 815-741-0670
E-MAIL: ROUSKEYLAW@GMAIL.COM
IL REGISTRATION NO. 03123595